UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JACK JACOB BRUCE, AIS 302638,       )
                                    )
      Plaintiff,                  )
                                    )
v.                                  )    CASE NO. 2:22-CV-523-MHT-KFP
                                    )
LASHON TAR WALKER, et al.,          )
                                    )
      Defendants.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate at Bullock Correctional Facility in Union Springs, Alabama. Proceeding in forma pauperis, he filed this 42 U.S.C. § 1983 action against Shirley Cunningham, Warden Jones, Correctional Officers Walker, Cunningham, and Fitzpatrick, Lieutenant Griffin, and the Alabama Department of Corrections. Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, 28 U.S.C. § 1915 (e)(2)(B), and 28 U.S.C. §§ 1915A(b), this Court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities.

After conducting its initial review, the Court determined the Complaint asserted vague and imprecise factual allegations, as well as legal conclusions, against several defendants. Accordingly, the Court entered an Order on September 14, 2022, granting Plaintiff an opportunity to file an amended complaint and specifically advising him to set forth the facts supporting his claims against the individuals he names as defendants,

including how each named defendant violated his constitutional rights, the date on which the incident occurred, and where the incident occurred. *See* Doc. 5 at 2.

Plaintiff filed his Amended Complaint on September 26, 2022. Doc. 6. Upon review, the Court finds the Amended Complaint allegations lack clarity as to the claims being presented and how the conduct of the named defendants violated his constitutional rights. To the extent the allegations are even legible, they are disjointed, unintelligible, vague, conclusory, and fail to assert material facts necessary to establish a cognizable and viable claim against any named defendant. *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (recognizing that a complaint with vague and conclusory allegations is insufficient and will be dismissed).

Consequently, the Amended Complaint fails to identify specific facts that allow the Court to make any plausible inference that the treatment he allegedly received from a named defendant amounted to a violation of this constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and that a claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (internal quotation marks and citations omitted). General and non-specific pleadings create confusion not only for the defendant in trying to frame a responsive pleading but also for the Court in trying to determine the scope of Plaintiff's claims.

Furthermore, notwithstanding the liberality afforded pro se filings, *Hughes v. Rowe*, 449 U.S. 5 (1980), the Court may not make Plaintiff's arguments for him. After being given

an opportunity to file an amended complaint, Plaintiff failed to comply with the court order to file an amended complaint that provides fair notice to the Court and a defendant of the claims being presented. The muddled and inarticulate nature of the allegations asserted in the Amended Complaint simply do not afford the named defendants fair notice of any action or inaction on their part that violated a specific right of Plaintiff. Therefore, dismissal is appropriate for failure to comply with the Court's Order regarding the filing of an amended complaint. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.[1]

It is further ORDERED that, **by October 31, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-

---

[1] Plaintiff may file another civil action if he is able to file a complaint that complies with the pleading requirements set forth in the Court's Order of September 14, 2022.

to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE